## WRAY v. GILMORE.

December 7, 1835.

*Rule to show cause why the domestic attachment should not be dissolved.*

It is not necessary that the affidavit upon which a domestic attachment issues should aver the defendant's residence. Nor is it necessary that it should aver that six days have intervened between the time when the defendant is stated to have absconded or secreted himself, and the suing out of the writ. But an affidavit which is in the alternative, as to the causes, or any of them, for which domestic attachment may issue, is bad. It should be confined to one of the causes, or, if more than one, each must be positively averred, or the writ will be quashed.

ON the 18th of July 1835, a writ of domestic attachment was obtained in this case, upon the following affidavit:—"James Wray, one of the above named plaintiffs, being duly sworn, says, that Henry Gilmore, the defendant above named, is now justly and truly indebted to the said plaintiffs in the sum of 148 dollars 18 cents, for goods, wares and merchandize sold and delivered by them to the said defendant, and at his special instance and request. That the said defendant, as deponent verily believes, and has been informed, is a resident of this state, and has resided in the city of Philadelphia for three months past. That said defendant kept a store in Market street in said city, and on or about the 15th of July 1835, absconded or departed from the place of his usual abode in the state, or secreted himself, with design, as is believed, to defraud his creditors; and that the said defendant has not left a clear real estate in fee simple, within this state, sufficient to pay his debts, so far as this deponent knows or believes."

On the 10th of September 1835, a rule was obtained on behalf of the defendant to show cause why this writ should not be dissolved, on account of the insufficiency of the plaintiff's affidavit.

*Cadwalader*, for the rule.
*W. T. Smith*, contra.

The opinion of the Court was delivered by
STROUD, J. (after stating the facts).—On the hearing of this rule, three objections were taken to the affidavit.

1st. That the residence of the defendant is not *positively* averred.

2d. That less than *six* days intervened between the time when the defendant is stated to have absconded or secreted himself, and the suing out of the writ.

3d. That the affidavit is in the *alternative*; that the defendant had *absconded* from the place of his usual abode, *or secreted* himself; whereas, one or the other only should have been stated.

1. In relation to the *first* objection, there is nothing in the acts of assembly which requires any averment on the subject of the defendant's residence at all. The practice in regard to it is probably not uniform, but it is believed, that, in general, it is omitted. In none of the reported cases where questions upon domestic attachment have been discussed, is there any notice of this point. The affidavits in Coulon *v.* De Lisle, 1 *Browne* 291, and in Gibson *v.* M'Laughlin, *Ibid.* 292, are substantially set forth, and the fact of the defendant's residence is, in neither case, noticed.

2. The *second* objection assumes that the provision of the act of the 2d of March 1723, entitled, "an act to rectify proceedings upon attachments," which requires that the affidavit should state, *inter alia*, "that the defendant is, and has been, absconded from the place of his usual abode for the space of *six* days," is not altered or supplied by the 1st section of the act of the 4th of December 1807, "to alter and amend the several laws of this commonwealth, relative to domestic attachments." This section reads thus: "It shall and may be lawful for the respective courts of common pleas, *on the oath or affirmation of any creditor or creditors, or any other credible person for him or them, of the truth of his or their debt, and that his or their debtor or debtors have absconded or departed from the place of his or their usual abode in this state,* or remained absent from the state, or have confined him or themselves in his or their own house or houses, or concealed him or themselves elsewhere, *with design, as is believed, to defraud his or their creditors, and that the said debtor has not left a clear real estate in fee simple, within this state, sufficient to pay his debts, so far as such deponent knows or believes,* to issue writs of attachments against all the lands, &c., of such person or persons so absconding, absenting, confining or concealing him or themselves."

We do not concur in this view of the defendant's counsel. On the contrary, we think the legislature has expressed, in this section, every thing which it was intended should be contained in the affidavit. This will be apparent by contrasting together the correspond-

ing portions of this section, and of that of the act of 1723. The language of this latter act is: "No writ or writs of attachment shall issue forth or be granted *before the person or persons requesting the same, or some other credible person or persons for him or them, shall, upon oath or affirmation, declare, that the defendant in such attachment is indebted to the plaintiff therein named in the sum of forty shillings, or more, and that the defendant is, and has been, absconded from the place of his usual abode for the space of six days, with design to defraud his creditors, as is believed, and that the defendant has not left a clear real estate in fee simple, within this province, sufficient to pay his debts, so far as such plaintiff or deponent knows or believes.*"

Each of these sections sets forth, very minutely, the several matters to be contained in the affidavit. With slight variations in respect to two particulars, every thing which is required by the act of 1723 is repeated substantially, and in language very similar in the act of 1807. But the latter act comprehends additional circumstances, namely, *remaining absent from the state; confinement within his own house by the debtor;* or, *the concealment of himself in other places;* each of which is constituted adequate and equivalent authority with the "*absconding from the place of his usual abode,*" for issuing the attachment. The latter act, therefore, was manifestly intended to be made more favourable to the creditor than the former; and, in this spirit, the necessity of delaying the process *six* days after the absconding was dispensed with. Why, if a debtor meditate a fraud upon his creditors, should a specific time elapse, after the discovery of his purpose, before they should be at liberty to resort to the only means of redress which is left to them? With what consistency, indeed, could this requisition as to delay be retained, in connexion with *absconding,* when nothing similar was enacted in regard to *absence from the state, confinement to his house,* or *other concealment?* These considerations would be sufficient to vindicate the fitness of the change in the law, if it were necessary to do so. But the main ground of our opinion on this point is, that it is the plain intent of the act of 1807 to enumerate every thing which was deemed essential to be stated in the affidavit. This conclusion is in accordance with the decision of this court, in Moore *v.* Fulham, about a year since.

3. The third question which has been raised is by no means free from embarrassment. It is evident that any one of the four particulars, *absconding, absence, confinement* or *concealment,* if charged

[Wray v. Gilmore.]

against the debtor, in the affidavit, is sufficient ground to justify the writ. And it may sometimes be difficult to ascertain, supposing the debtor's *place of usual abode* to be his *house*, and *access to this be denied,* and a *view of his person be unattainable,* and *information as to his being within his house or not be withheld,* whether he has absconded or confined himself at home, or is concealed elsewhere. And scarcely less difficulty may exist in relation to his remaining absent from the state. Nevertheless, each of these particulars constitutes a distinct fact, and, as such, must be presumed capable of proof. At the passage of the act, it was made necessary to obtain such proof through the medium of a disinterested witness, whereas the plaintiff himself was deemed competent to prove all other preliminary facts. The language of the proviso, as it originally stood in the 1st section, as also that of the 13th section, favours the conclusion at which we have arrived, that the affidavit should be confined to one of the four facts referred to, or, if more than one be averred, that each should be averred positively. As the affidavit in this case is not positive in any of these particulars, it is therefore bad.

Rule absolute.(*a*)

(*a*) See Jewell *v.* Howe, 3 *Watts's Rep.* 144, reported after this decision was made.